UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARVIN DIAZ, 03-B-2969,

        Petitioner,

        -v-                                08-CV-6434(MAT)
                                                          **ORDER**

JAMES CONWAY,

        Respondent.

---

## I.   Introduction

*Pro se* petitioner Marvin Diaz ("petitioner") has filed a timely writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction in Monroe County Supreme Court of two counts of Attempted Robbery in the First Degree (N.Y. Penal L. §§ 110.00, 160.15(1)) and Assault in the First Degree (N.Y. Penal L. § 120.10(1)). Petitioner's conviction was entered on December 1, 2003, following a jury trial before Justice Steven R. Sirkin.

## II.  Factual Background and Procedural History

Petitioner's conviction arises out of an incident that occurred in the early morning hours of October 27, 2003, after he and Jerome Lester ("Lester") were told to leave a Rochester bar after arguing with other patrons. As they left, petitioner and Lester picked up a pipe and a piece of wood from a nearby dumpster, and broke the window of a car parked outside. The two men then encountered John Nicoisa ("the victim"), one of the men they had been arguing with inside the bar. According to witnesses,

petitioner and Lester "jumped" the victim, one of the men violently beating the victim with the piece of wood. Petitioner and Lester then went through the victim's pockets. Three individuals witnessed the attack that night. As a result of the beating, the victim remained in a coma for three weeks, suffering brain trauma and nerve damage. Trial Tr. 128-29, 130-36, 158-60, 165-69, 177, 221, 224-27, 229-32.

Petitioner was charged with attempted first-degree robbery and first-degree assault on the basis of accomplice liability. At trial, it was petitioner's defense that he was present at the scene, but did not attempt to rob the victim and, although he and the victim were engaged in punching one another, he did not use a weapon nor did he assist Lester in beating the victim with a weapon. Trial Tr. 314-19. Petitioner did, however, stipulate that the injuries suffered by the victim as a result of the beating constituted "serious physical injury" as required by the New York Penal Law.[1] Trial Tr. 294.

During the charge conference, defense counsel requested that the defense of justification be read to the jury. The trial court granted that request, and further determined that, under the facts

---

[1] A person is guilty of assault in the first degree when, "[w]ith intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument." N.Y. Penal L. § 120.10(1). "'Serious physical injury' means physical injury which creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ. N.Y. Penal L. § 10.00(10).

of the case, both levels of justification would be read to the jury, i.e., ordinary physical force and deadly physical force.[2] Trial Tr. 345-48.

Petitioner was found guilty of all three counts, and was subsequently sentenced to a determinate term of imprisonment of twenty years on the assault count, concurrent to two, fifteen-year sentences for each of the attempted robbery counts. Trial Tr. 437-38.

Through counsel, petitioner filed a direct appeal to the Appellate Division, Fourth Department, raising the following points for review: (1) the trial court erred in instructing the jury on deadly physical force justification; (2) the trial court erred in instructing the jury that it had to find petitioner guilty before deliberating on his justification defense; (3) the trial court erred in allowing petitioner to stipulate to "serious physical injury" without further inquiry; (4) the verdicts were against the weight of the evidence; and (5) the sentence was unduly harsh and severe. See Respondent's Appendix ("Appx.") D. Petitioner also

---

[2] Article 35 of the New York Penal Law sets forth the defense of justification. Section 35.15(1) provides that physical force upon another person may be justified "when and to the extent he or she reasonably believes such to be necessary to defend himself, herself or a third person from what he or she reasonably believes to be the use or imminent use of unlawful physical force by such other person . . . ." N.Y. Penal L. § 35.15(1). Subsection (2), dealing with "deadly physical force" requires that "[t]he actor reasonably believes that such other person is using or about to use deadly physical force. Even in such case, however, the actor may not use deadly physical force if he or she knows that with complete personal safety, to oneself and others he or she may avoid the necessity of so doing by retreating . . . ." N.Y. Penal L. § 35.15(2).

filed a *pro se* supplemental brief alleging ineffective assistance of trial counsel on the grounds that his attorney: (1) stipulated to "serious physical injury" without petitioner's knowledge or consent; (2) failed to request a missing witness charge; and (3) failed to object to hearsay testimony. Appx. G. The Fourth Department unanimously affirmed the judgment of conviction. People v. Diaz, 39 A.D.3d 1244 (4th Dept. 2007), lv. denied, 9 N.Y.3d 842 (2007).

While his direct appeal was pending, petitioner filed a motion to vacate the judgment of conviction pursuant to N.Y. Crim. Proc. L. § 440.10, raising the same grounds of ineffective assistance of counsel contained in his *pro se* brief on appeal. Appx. A. That motion was denied by the Monroe County Supreme Court pursuant to N.Y. Crim. Proc. L. § 440.10(2)(b) (mandating denial of § 440.10 motion where "the judgment is, at the time of the motion, appealable or pending on appeal, and sufficient facts appear on the record with respect to the ground or issue raised upon the motion to permit adequate review thereof upon such appeal"). Alternatively, the court held that petitioner failed to demonstrate that he received less than meaningful representation. Petitioner did not seek leave to appeal the denial of that decision. Appx. C.

Petitioner then filed the instant petition for habeas corpus ("Pet."), seeking relief on the following grounds: (1) the trial court erred in instructing the jury on deadly physical force

justification; and (2) ineffective assistance of trial counsel. Pet., ¶ 22(A)-(B), Attach. 1-4. (Dkt. #1).

For the reasons that follow, I find that petitioner is not entitled to the writ, and the petition is dismissed.

## III. Discussion

### A.  General Principles Applicable to Federal Habeas Review

#### 1.    Standard of Review

To prevail under 28 U.S.C. § 2254, as amended in 1996, a petitioner seeking federal review of his conviction must demonstrate that the state court's adjudication of his federal constitutional claim resulted in a decision that was contrary to or involved an unreasonable application of clearly established Supreme Court precedent, or resulted in a decision that was based on an unreasonable factual determination in light of the evidence presented in state court.  See 28 U.S.C. § 2254(d)(1), (2); Williams v. Taylor, 529 U.S. 362, 375-76 (2000).

#### 2.    Exhaustion Requirement and Procedural Default

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State. . . ." 28 U.S.C. § 2254(b)(1)(A); see, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 843-44 (1999); accord, e.g., Bossett v. Walker, 41 F.3d 825, 828 (2d Cir.1994), cert. denied, 514 U.S. 1054 (1995). "The exhaustion

requirement is not satisfied unless the federal claim has been 'fairly presented' to the state courts." <u>Daye v. Attorney General</u>, 696 F.2d 186, 191 (2d Cir.1982) (*en banc*), <u>cert. denied</u>, 464 U.S. 1048 (1984).

28 U.S.C. § 2254(b)(1)(A) requires a petitioner "[to] give the state courts one full opportunity to resolve constitutional issues by invoking one complete round of the State's established appellate review process." <u>O'Sullivan</u>, 526 U.S. at 842. This includes filing an application for discretionary appellate review with the State's highest court if that right is available by statute. <u>Id.</u> at 845; <u>accord</u> <u>Morgan v. Bennett</u>, 204 F.3d 360, 369 (2d Cir. 2000).

However, "[f]or exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state if it is clear that the state court would hold the claim procedurally barred.'" <u>Grey v. Hoke</u>, 933 F.2d 117, 120 (2d Cir. 1991) (quoting <u>Harris v. Reed</u>, 489 U.S. 255, 263 n.9 (1989); other citations omitted). Under such circumstances, a habeas petitioner "no longer has 'remedies available in the courts of the State' within the meaning of 28 U.S.C. Section 2254(b)." <u>Grey</u>, 933 F.2d at 120. The procedural bar that gives rise to the finding that the claim should be deemed exhausted works a forfeiture and precludes litigation of the merits of the claim absent a showing of cause for the procedural default and prejudice resulting therefrom or by

demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice, i.e., that the petitioner is actually innocent. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 748 (1991); <u>Murray v. Carrier</u>, 477 U.S. 478, 496 (1986).

**B.    Merits of the Petition**

**1.    Erroneous Justification Charge**

Petitioner first contends that the trial court erred when it instructed the jury on deadly physical force justification over the defense's objection. Pet., ¶ 22(A); Attach. 1, Point 1. At petitioner's trial, counsel asked the trial court to charge the jury on the defense of justification as it applied to ordinary physical force. The trial court granted the defense's request, and then advised that it would instruct the jury on justification as to deadly physical force. Counsel objected to the jury hearing the law on the justified use of deadly physical force because there was no reasonable view of the evidence to support the charge, nor did petitioner claim that he was justified in using deadly physical force against the victim. Trial Tr. 345, 347-48. On appeal, petitioner argued that the court committed reversible error. The Appellate Division held,

> We agree with defendant that Supreme Court erred in charging the defense of justification for the use of deadly physical force inasmuch as there is no reasonable view of the evidence that defendant was justified in using such force during his confrontation with the victim. We nevertheless conclude that the error is harmless.

People v. Diaz, 39 A.D.3d 1244 (4th Dept. 2007) (citations omitted).

The proper inquiry in post-AEDPA habeas cases, regardless of whether the state court has decided the harmless error issue, is to measure the harmfulness of the error against standard set forth in Brecht v. Abrahamson, 507 U.S. 619 (1993) (holding that the harmlessness inquiry on habeas review "is whether, in light of the record as a whole," the error "'had substantial and injurious effect or influence in determining the jury's verdict.'") (quoting Kotteakos v. United States, 328 U.S. 750, 776 (1946)). The "principal factors" to be considered are the "importance of ... the testimony, and the overall strength of the prosecution's case." Wray v. Johnson, 202 F.3d 515, 526 (2d Cir. 2000) (citing Brecht, 507 U.S. at 638-39). "[T]he strength of the prosecution's case 'is probably the single most critical factor in determining whether error was harmless[.]'" Id. (quoting Latine v. Mann, 25 F.3d 1162, 1167-68 (2d Cir.1994) (internal quotation marks omitted in original), cert. denied, 514 U.S. 1006 (1995)).

Here, after reviewing the record in its entirety, the Court believes that the totality of the evidence properly before the jury was sufficient such that there is no reasonable probability that the outcome of the trial would have been different had the trial court not charged the jury as it did. Three eyewitnesses testified that petitioner and another man viciously beat the victim on

October 27, 2003. All three described one of the attackers as using a piece of wood as a bludgeon, and all three described how the victim lay on the ground, motionless, while the attackers hit and stomped him. While two of the witnesses could not determine which of the perpetrators used the weapon, one unequivocally testified that it was petitioner who beat the victim's head with the club. After the eyewitnesses called 911, petitioner was arrested by police as he was walking away from the victim. Petitioner himself testified to being present at the scene, but maintained that he only hit the victim with his fists and took no part in robbing the victim or assaulting him with a weapon.

In sum, the proof at trial established that petitioner and Lester violently attacked the middle-aged victim, who was outnumbered and unable to fight back. It therefore highly unlikely that the jury would have acquitted petitioner on self-defense grounds using an ordinary use of force standard. See Brecht, 507 U.S. at 638.

Accordingly, the Appellate Division's determination did not run afoul of clearly established Federal law, and habeas relief must be denied on this ground.

## 2. Ineffective Assistance of Trial Counsel

Here, as in petitioner's *pro se* brief on appeal, petitioner claims that his trial counsel was constitutionally ineffective for failing to object to hearsay testimony, for stipulating to the

victim's "serious physical injury," and for failing to seek a missing witness charge. Pet. ¶ 22(B), Attach. 3 & 4. The Appellate Division determined that the contentions in petitioner's *pro se* brief were all without merit. Diaz, 39 A.D.3d at 1246.

While respondent argues that all petitioner's ineffective assistance of counsel claims are unexhausted because they were not presented in petitioner's leave application to the New York Court of Appeals, this contention is, in part, contradicted by the record. Although in his leave letter petitioner argued one particular issue at length, he concluded the application by stating,

> Pursuant to O'Sullivan v Boerckel (526 US 838 [1999]), Mr. Diaz expressly urges that leave to appeal be granted to review . . . whether Mr. Diaz's lawyer's stipulation to an essential element of the crime without Mr. Diaz's express consent to do so deprived Mr. Diaz of his federal right to effective assistance of trial.

See Appx. J at 3.

It appears then, that petitioner has sufficiently exhausted this particular aspect of his ineffective assistance of counsel argument by alerting the Appellate Division and the New York Court of Appeals to the factual and legal basis of his federal claim. See Ramirez v. Attorney Gen., 280 F.3d 87, 94 (2d Cir.2001); see also O'Sullivan v. Boerckel, 526 U.S. 838, 839-40 (1999) (in order to satisfy exhaustion requirement, prisoner was required to present his claims to state supreme court for discretionary review). The

Court can thus proceed to review the merits of petitioner's ineffective assistance of counsel claim on this basis.

To establish that he was deprived of his Sixth Amendment right to the effective assistance of trial counsel, a petitioner must show that (1) his attorney's performance was deficient, and that (2) this deficient performance prejudiced his defense. <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984). Deficiency is measured by an objective standard of reasonableness, and prejudice is demonstrated by a showing of a "reasonable probability" that, but for counsel's unprofessional errors, the result of the trial would have been different. <u>Id.</u> at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." <u>Id.</u> To succeed, a petitioner challenging counsel's representation must overcome a "strong presumption that [his attorney's] conduct falls within the wide range of reasonable professional assistance." <u>Id.</u> at 689. A reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct," <u>id.</u>, and may not second-guess defense counsel's strategy. <u>Id.</u> at 690.

Here, petitioner cannot overcome the presumption that, under the circumstances, counsel's decision to enter into the stipulation was sound trial strategy. <u>See id.</u> at 690. By stipulating to the fact that the victim suffered "serious physical injury," defense

counsel was able to prevent the jury from seeing and hearing both a sympathetic victim as well as an expert witness testifying to the victim's extensive head injuries. Petitioner thus cannot establish that his trial counsel's conduct was objectively unreasonable. See, e.g., Salcedo v. U.S., 1999 WL 335835, * 3 (S.D.N.Y. May 25, 1999) (stating with regard to 28 U.S.C. § 2255 habeas petition that "[t]he strategic decision to enter into a stipulation is one that defense counsel may make on the defendant's behalf ....") (citing Brown v. Artuz, 124 F.3d 73, 77 (2d Cir. 1997)); see also Horan v. Conway, No. 9:03-CV-0486 (LEK/DEP), 2007 WL 1087492, *10 (N.D.N.Y. Apr.9, 2007) ("the fact that Horan's counsel did not obtain Petitioner's consent to enter into the above-cited stipulation does not amount to per se ineffective assistance of counsel because '[e]ntering into a stipulation is a strategic decision that defense counsel may make on the defendant's behalf.'")(citing Goicochea-Melchor v. United States, No. 99 CIV. 729(JGK), 1999 WL 804146, at *5 (S.D.N.Y. Oct. 7, 1999)).

Because petitioner does not make a showing that his attorney was deficient, the Court need not consider whether petitioner suffered prejudice as a result of counsel's conduct. Strickland, 466 U.S. at 697 (noting that district courts can consider the two prongs of an ineffectiveness of counsel claim in either order and the failure of petitioner to satisfy one prong obviates the need to consider the other)).

The Appellate Division's determination, therefore, was not an unreasonable application of, or contrary to Supreme Court precedent.

With respect to petitioner's remaining allegations of his trial counsel's ineffectiveness, the Court agrees with respondent that he has not properly exhausted those grounds as those were not mentioned in the leave application to the New York Court of Appeals.[3] See, e.g, Minor v. Henderson, 754 F.Supp. 1010, 1020 (S.D.N.Y. 1991) ("To have raised only certain of the alleged instances of ineffectiveness to the state courts does not satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)."). Even if petitioner were to return to state court in an attempt to exhaust these claims, he would face an absence of corrective process. Petitioner cannot again seek leave to appeal the claims in the Court of Appeals because he has already made the one request for leave to appeal to which he is entitled. See, e.g., N.Y. Court Rules § 500.20. Collateral review of his claims is also barred because petitioner previously raised these claims on direct appeal, and the Appellate Division rejected them on the merits. See N.Y. Crim. Proc. L. § 440.10(2)(a). Accordingly, his claims must be deemed exhausted because petitioner is procedurally barred from presentation to a state court. See Grey v. Hoke, 933 F.2d at 120

---

[3] As noted above, petitioner did not include in his leave letter the claims that his attorney failed to request a missing witness charge and failed to object to the introduction of hearsay testimony.

(citing Harris v. Reed, 489 U.S. at 263, n.9) ("For exhaustion purposes, 'a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.'").

A finding of procedural default bars habeas review of a federal claim unless petitioner can show cause for the default and prejudice attributable thereto, or demonstrate that failure to consider the claim will result in a miscarriage of justice. Murray, 477 at 492; Wainwright v. Sykes, 433 U.S. 72, 87-91 (1977). "Cause" is defined as "'some objective factor external to the defense [that] impeded counsel's efforts' to raise the claim in state court." McCleskey v. Zant, 499 U.S. 467, 493 (1991) (quoting Murray, 477 U.S. at 488). To demonstrate prejudice, a petitioner must show more than that errors "created a possibility of prejudice, but [instead] that they worked to his actual and substantial disadvantage." United States v. Frady, 456 U.S. 152, 170 (1982). Petitioner has not alleged cause and prejudice to overcome the procedural default, nor does he argue that he is actually innocent to establish a fundamental miscarriage of justice. See Dunham v. Travis, 313 F.3d 724, 730 (2d Cir. 2002). These claims must therefore be dismissed as procedurally barred.

**IV. Conclusion**

For the reasons stated above, Marvin Diaz's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied, and the

action is dismissed.  Because petitioner has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to issue a certificate of appealability.  <u>See, e.g.</u>, <u>Lucidore v. New York State Div. of Parole</u>, 209 F.3d 107, 111-113 (2d Cir. 2000).  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.  <u>Coppedge v. United States</u>, 369 U.S. 438 (1962).

**SO ORDERED.**

_____S/Michael A. Telesca_____
MICHAEL A. TELESCA
United States District Judge

Dated:    November 3, 2010
          Rochester, New York